# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

<table>
<tr><td>TARRYL D. BOOKER,<br>   Appellant,<br><br>  v.<br><br>SOCIAL SECURITY<br> ADMINISTRATION,<br>   Agency.</td><td>DOCKET NUMBER<br>CH-0752-24-0165-I-1<br><br><br>DATE: July 6, 2026</td></tr>
</table>

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tarryl D. Booker</u>, Hopkinsville, Kentucky, pro se.

<u>Kathleen L. H. Petty</u>, Esquire, and <u>Blake Pryor</u>, Esquire,
 Baltimore, Maryland, for the agency.

<u>Jacob M. Mikow</u>, Esquire, Oakland, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his reduction in grade and reassignment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant generally alleges that the administrative judge erred in finding that the agency proved its charge of negligent performance of duties, nexus, and the reasonableness of the penalty. Petition for Review (PFR) File, Tab 1 at 2. He also generally argues that the administrative judge erred in finding that the appellant did not establish his affirmative defense that the agency denied him due process. *Id.* He states that the initial decision is "factually unsupported, legally flawed, and fails to account for critical constitutional and statutory violations," without providing additional information. *Id.* Before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determinations are incorrect and identify the specific evidence in the record that demonstrates the errors. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980); *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record). Mere disagreement with the administrative judge's factual findings or legal conclusions does not show legal error. *Ney v. Department of Commerce*, 115 M.S.P.R. 204,

¶ 6 (2010). Because the appellant's bare allegations do not explain why the administrative judge's findings are incorrect, and we believe that they are correct, we decline to disturb them.

On review, the appellant also alleges that the agency retaliated against him based on his prior equal employment opportunity (EEO) activity, without providing additional information. PFR File, Tab 1 at 2. The appellant raised this claim for the first time on August 13, 2024, which was 46 days after the record below closed on June 28, 2024. Initial Appeal File (IAF), Tab 23 at 3, Tab 33 at 6, 8, 13. The agency moved to strike that submission as untimely, along with several other submissions the appellant filed after the close of record. IAF, Tabs 30, 34. The administrative judge granted the agency's motions to strike and declined to consider the appellant's untimely submissions further, including the appellant's retaliation claim. IAF, Tab 36 at 1, Tab 41, Initial Decision at 3 n.1. To the extent the appellant is arguing that the administrative judge erred in not considering his retaliation claim in the initial decision, we disagree.

The administrative judge's order and summary of the close of record clearly informed the parties of the issues to be decided in the appeal, including the appellant's affirmative defense that the agency denied him due process, and advised them that any objection to the order should be filed no later than June 17, 2024. IAF, Tab 23 at 2, 4. It also informed the parties that they had until June 28, 2024 to file all evidence and argument and that the record in the appeal would close on that date. *Id.* at 3. The order also stated that, pursuant to 5 C.F.R. § 1201.59(c), once the record closed, any additional evidence or argument would not be accepted unless the submitting party showed that the evidence or argument was not available before the record closed or was offered in rebuttal to new evidence or argument submitted by the other party just before the record closed. *Id.* The administrative judge found that the appellant failed to make either showing and thus would not consider his submissions. IAF, Tab 36 at 1. We discern no error with this finding. The appellant has not alleged why he

could not raise his claim of EEO retaliation before the record below closed despite being given various opportunities to do so, such as in responses to the affirmative defenses order and the order and summary of the close of record. He also has not shown that his retaliation claim was raised in response to any new or material evidence or argument submitted by the agency in its close of record submission. Indeed, the agency does not mention the appellant's EEO complaint in its submission, and the appellant does not otherwise point to any specific evidence in the agency's close of record submission that would cause him to think the agency disciplined him because of his EEO complaint. *See* IAF, Tabs 24, 33, 35; PFR File, Tab 1 at 2. Thus, we find that the administrative judge did not abuse her discretion in declining to consider the appellant's untimely retaliation claim. *See Gavette v. Department of the Treasury*, 44 M.S.P.R. 166, 174 (1990) (stating that the deadline for closing the record is within the sound discretion of the administrative judge so long as the procedures used comport with the basic requirements of fairness and notice). Similarly, we decline to consider the appellant's retaliation claim for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).[2]

---

[2] After the record closed on review, the agency filed a motion for leave to file a surreply to address new arguments that the appellant raised in his reply to the agency's response to the petition for review. PFR File, Tab 7 at 4-5. Specifically, the appellant alleged that the agency denied him due process when the deciding official relied on "a memo with new allegations and communications from biased individuals" without disclosing it to the appellant and retaliated against him for his prior EEO activity. PFR File, Tab 5 at 4-5.

The appellant also filed a motion for leave to file an additional pleading, alleging that although the agency produced documents to him in discovery, "their legal significance and connection to the charged specifications only became apparent after [he] reviewed them." PFR File, Tab 9 at 5. He later filed another motion for leave, seeking to submit additional argument about the probative value of some evidence in the existing record. PFR File, Tab 15. The agency opposed the motion. PFR File, Tab 17.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

Although we have considered each of these motions, we discern no reason to accept the additional arguments offered. Therefore, the parties' motions to file additional pleadings are denied. The record is sufficiently developed, as is. *See* 5 C.F.R. § 1201.114(a)(4), (k) (limiting the pleadings accepted on review).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                     *Gina K. Grippando*
                              _____
                              Gina K. Grippando
                              Clerk of the Board

Washington, D.C.